# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 29, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ELAINE SQUIRE,**
**Claimant Below, Petitioner**

**vs.)   No. 18-0163**   (BOR Appeal No. 2052159)
(Claim No. 2012034033)

**AUGMENTATION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Elaine Squire by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Augmentation, Inc., by Steven Wellman, its attorney, filed a timely response.

The issue on appeal is the compensability of an additional diagnosis. On January 23, 2017, the claims administrator denied a request to add left shoulder impingement as a compensable component of the claim. The Office of Judges affirmed the claims administrator in its August 15, 2017, Order. The Order was affirmed by the Board of Review on January 31, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Squire, a laborer, injured her left thumb and elbow on September 15, 2011, when she was using a drill and the drill slipped and caught the glove on her left hand. The following day she was treated in the emergency room at City Hospital where she was diagnosed with a mild sprain/strain of her left elbow. Her claim was held compensable for a left elbow sprain.

On September 28, 2012, Thomas E. Knutson, D.O., treated Ms. Squire for complaints of pain in the left wrist and elbow. Dr. Knutson diagnosed lateral epicondylitis of the left elbow, tendonitis of the left wrist, and left shoulder impingement syndrome. He opined that he could not relate the shoulder impingement syndrome to the work injury.

1

Joseph Grady, M.D., performed an independent medical evaluation on March 12, 2014, during which he listed chief complaints of left thumb, elbow, and shoulder discomfort. Ms. Squire advised Dr. Grady that she was using a power drill to drill holes in metal frames of vending machines when the glove on her left hand got caught on the power drill. The spinning drill jerked and twisted her left arm. She was able to return to work until she was laid off in February of 2013. She was working in a retail position at the time of the evaluation. Ms. Squire reported difficulty using her left arm. Dr. Grady noted most of Ms. Squire's tenderness was in the region of the left trapezius, as well as mild tenderness to palpation of the lateral epicondyle of the left elbow. Dr. Grady diagnosed left elbow lateral epicondylitis, left thumb myofascial sprain, and mild left shoulder impingement. In his opinion, Ms. Squire originally injured her left thumb and left elbow. There was no mention of the left shoulder being involved until eight months later on May 12, 2012. He noted that Ms. Squire had some mild impingement of the left shoulder but he could not attribute that to her injury. He opined that a left hand MRI would be appropriate to see if she would be a surgical candidate for the left thumb or left elbow. Treatment for the left shoulder would not be reasonable as he could not relate it to her injury. Dr. Grady also recommended physical therapy and opined Ms. Squire would be at maximum medical improvement after the therapy.

On August 28, 2014, Joseph Hahn, M.D., an orthopedist, evaluated Ms. Squire for a chief complaint of shoulder pain involving the left upper arm, left shoulder, and left hand. He noted Ms. Squire had been treated with non-steroidal anti-inflammatories, physical therapy for two weeks, and a subacromial steroid injection, none of which relieved her pain. Diagnostic studies including an MRI and x-rays were negative. Dr. Hahn diagnosed left arm pain located on the left wrist joint. He opined that there was significant secondary gain with the injury. He did not recommend surgery. He suggested an EMG or hand specialist to rule out reflex sympathetic dystrophy or chronic regional pain syndrome.

On March 25, 2015, Dr. Grady performed a second independent medical evaluation for chief complaints of left thumb, left elbow, and left shoulder discomfort. He noted a slight decrease in range of motion of the left thumb and left elbow. He saw no indication of reflex sympathetic dystrophy or chronic regional pain syndrome. Dr. Grady diagnosed left thumb strain with reported chronic avulsion of ulnar collateral ligament on MRI, left elbow lateral epicondylitis, left wrist de Quervain's tenosynovitis, and left elbow pain with likely impingement. Dr. Grady believed Ms. Squire has some impingement in the shoulder, but as there was no documentation of any left shoulder symptoms until eight months after the injury, he could not specifically attribute the left shoulder symptoms to the injury.

On September 19, 2015, Ms. Squire presented to the emergency room at City Hospital with complaints of left arm pain and swelling. She provided a history of having the pain for four years with increased pain over the past few weeks. She was diagnosed with acute exacerbation of chronic left elbow pain, left shoulder pain, and hypertension. She was placed on an oral steroid and Ultram and told to follow up with her family physician.

2

Ms. Squire sought treatment from Dr. Knutson for the first time in about a year on July 25, 2016. Dr. Knutson diagnosed impingement syndrome of the left shoulder and lateral epicondylitis of the left shoulder. He gave her injections in both areas and advised she get a second opinion from an upper extremity specialist or pain management physician.

In a Diagnosis Update Report dated December 9, 2016, Dr. Knutson lists a primary diagnosis of left shoulder impingement syndrome and secondary diagnoses of left elbow tendonitis and left thumb sprain. The physician noted that the explanation for the clinical findings on which the diagnoses were based could be found in the dictation notes. The signature of the physician is unintelligible. No notes were attached to the report.

On December 29, 2016, Ms. Squire testified via deposition that she had constant pain in her arm that extends to her shoulder. Dr. Knutson referred her to pain management. She saw Dr. Hahn one time and he suggested she see a reflex sympathetic dystrophy or complex regional pain syndrome specialist. She has received physical therapy and injections to her elbow and shoulder. No treatment has helped her pain. Ms. Squire denied having any previous injury to her left upper extremity. There was a two-year period of time in which she did not seek any medical treatment. She saw Dr. Knutson in May of 2015 and did not return to see him until July of 2016. She was evaluated by Dr. Hahn in 2014.

On January 23, 2017, the claims administrator denied Dr. Knutson's request to add left shoulder impingement as a compensable component of the claim. The Office of Judges affirmed the claims administrator's decision in its August 5, 2017, Order. It determined that Ms. Squire's shoulder symptoms did not appear immediately following the injury but appeared eight months later. Dr. Knutson, her treating physician, originally opined that the left shoulder impingement was unrelated to the injury. The Office of Judges determined that no reasoning was given for Dr. Knutson's request to now have the condition added as compensable. Additionally, Dr. Grady, who performed two evaluations of Ms. Squire, opined that the left shoulder impingement was not related to the work injury. Therefore, the Office of Judges found that it was unlikely that the left shoulder impingement was part of the compensable injury, and the claims administrator acted properly in denying the addition of the condition as compensable. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order.

After review, we agree with the reasoning and conclusion of the Office of Judges as affirmed by the Board of Review. Ms. Squire failed to show that the left shoulder impingement was related to her injury. Therefore, the Board of Review did not err when it affirmed the denial of the condition as compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 29, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4